**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KYRIANA PERLMAN,

Plaintiff,

v.

GRAND SIERRA RESORT & CASINO,

Defendants.

Case No. 3:26-CV-00471-MMD-CLB

**SCREENING ORDER**

[ECF Nos. 1-1, 5]

Before the Court is Plaintiff Kyriana Perlman's application to proceed *in forma pauperis*, (ECF No. 5), and *pro se* complaint, (ECF No. 1-1). For the reasons stated below, the Court grants Perlman's application to proceed *in forma pauperis* and finds her complaint may proceed against Defendant Grand Sierra Resort & Casino ("GSR").

## I. *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely

destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Perlman is unable to pay the filing fee. Accordingly, Perlman's application to proceed IFP, (ECF No. 5), is granted.

## II. SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. SCREENING OF COMPLAINT[1]

Perlman was formerly employed by GSR as a VIP Host. (ECF No. 1-1 at 1.) Perlman alleges that Kelly Doll ("Doll"), a GSR executive, subjected her to unwanted sexual and physical contact on three occasions in 2025. (*Id.* at 1-2, 5.) Perlman alleges Doll "wrapped his arm around [her] and grabbed her breast" in January, grabbed her behind twice in May, and grinded on her in July. (*Id.*) Perlman did not initially report Doll's conduct "because she feared retaliation and damage to her career and professional opportunities." (*Id.* at 2.) However, shortly after the third incident in July, Perlman reported

---

[1] The Court notes some of the facts identified in its analysis are taken from the EEOC Charge of Discrimination form Perlman attached to her complaint. *See* Fed R. Civ. P. 10(c).

Doll for sexual harassment to human resources ("HR"). (*Id.* at 5.)

Perlman states HR told her they would talk to Doll, but no corrective action was taken. (*Id.* at 2, 5.) Indeed, HR never told Perlman what the investigation revealed, and Perlman continued to see Doll at work. (*Id.* at 5.) Furthermore, Perlman alleges after she reported Doll GSR reduced her work hours, and her supervisor began making it difficult for her to do her job. (*Id.* at 2, 5.) Later that year, in December, Perlman injured herself on the job and had to undergo post-accident drug testing. (*Id.* at 2.) However, it appears Perlman did not complete the test because she states, "a dispute arose regarding the testing procedure." (*Id.*) Perlman was suspended and ultimately terminated. (*Id.*)

Based on the above allegations, Perlman asserts a hostile work environment claim and a retaliation claim under Title VII of the Civil Rights Act of 1964. (*Id.* at 2-3.) The Court will address each in turn.

**A. Hostile Work Environment**

To state a *prima facie* claim for hostile work environment, Perlman must sufficient facts to establish: (1) she "was subjected to a hostile work environment;" and (2) GSR "was liable for the harassment that caused the hostile environment to exist." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021). To satisfy the first prong, Perlman must show: (1) she "was subjected to verbal or physical conduct of a sexual nature;" (2) "the conduct was unwelcome;" and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id.* To show the unwelcome conduct was sufficiently severe or pervasive Perlman must show she subjectively viewed the conduct as offensive and that it was objectively unreasonable. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055-56 (9th Cir. 2007). To satisfy the second prong, Perlman must show GSR knew or should have known about the hostile environment and failed to take remedial measures "reasonably calculated to end the harassment." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119-20 (9th Cir. 2004) (quoting *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991)).

///

Here, the Court finds Perlman states a *prima facie* claim for hostile work environment. As to the first prong, Perlman explicitly alleges Doll subjected her to physical and sexual contact on three separate occasions, and that it was unwelcome. (ECF No. 1-1 at 1-2, 5.) Furthermore, Perlman's allegations demonstrate Doll's conduct was sufficiently pervasive because she subjectively viewed it as unwelcome harassment, (*id.*), and a reasonable woman in her position would have found Doll's conduct "hostile, demeaning and abusive," *Craig*, 496 F.3d at 1055. As to the second prong, Perlman alleges GSR, through its HR department, failed to take any corrective action after she reported Doll's conduct. (*Id.* at 1-2, 5.) The Court finds this is sufficient to show GSR knew of the harassment and failed to take reasonable remedial measures.

Accordingly, Perlman's hostile work environment claim may proceed against GSR.

**B. Retaliation**

The Court will next address Perlman's retaliation claim. To state a *prima facie* claim of retaliation under Title VII, Perlman must show: "(1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025) (quoting *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)). The Court finds Perlman's complaint satisfies all three elements. First, Perlman's reporting of Doll's conduct to HR constitutes protected activity. *See Brooks v. City of San Mateo*, 229 F.3d 917, 921-22, 928 (9th Cir. 2000). Second, Perlman's allegation that GSR reduced her hours after she reported Doll constitutes an adverse employment action. *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000) (noting adverse employment action includes "changes in work schedules"). Lastly, Perlman's allegation that the reduction in hours occurred in the months after she reported Doll is sufficient at the pleading stage to demonstrate a causal connection. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (noting "temporal proximity of events was sufficient to satisfy the third element of the prima facie case" of retaliation under Title VII).

Accordingly, Perlman's retaliation claim may proceed against GSR.

## IV. CONCLUSION

**IT IS THEREFOR ORDERED** that Perlman's application to proceed *in forma pauperis*, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **FILE** Perlman's complaint. (*See* ECF No. 1-1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall **ISSUE** a summons for Defendant Grand Sierra Resort & Casino, **AND DELIVER THE SAME**, to the U.S. Marshals for service. The Clerk shall also **SEND** sufficient copies of the complaint, (ECF No. 1-1), and this Order to the U.S. Marshals for service on Defendant. Further, the Clerk shall **SEND** Perlman one USM-285 form. Perlman shall have **21 DAYS** to return the completed USM-285 to the U.S. Marshals, located at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 DAYS** after receiving from the U.S. Marshals a copy of the USM-285 form showing whether service has been accomplished, if the Defendant was not served, and if Perlman wants service to be attempted again, she must file a motion with the Court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

**IT IS FURTHER ORDERED** that service must be completed within **90 DAYS** of the date of this Order. If Perlman requires additional time to meet any of the deadlines set by the Court, she must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the Court or applicable rules will be denied absent a showing of excusable neglect.

**IT IS FURTHER ORDERED** that Perlman shall serve upon Defendant or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Perlman electronically files a document with the Court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Perlman mails the document to the Court, she shall include with the original document submitted for filing

a certificate stating the date that a true and correct copy of the document was mailed to the Defendant or Defendant's counsel. If counsel has entered a notice of appearance, Perlman shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**DATED**: August 10, 2026.

**UNITED STATES MAGISTRATE JUDGE**